IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| REBECCA NASH, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 7:24-CV-43 (WLS) |
| : | |
| JEFFREY N. COX, : | |
| : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

On August 23, 2024, the Parties filed a five-page "Joint Motion for Approval of Settlement Agreement." (Doc. 12). Therein, the Parties ask the Court to approve their Settlement Agreement on Plaintiff's claims brought pursuant to the Fair Labor Standards Act ("FLSA") in which Plaintiff's counsel will receive legal fees totaling nearly 42% of the settlement amount. (Doc. 12-1). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009) (per curiam). No such showing has been made here as to whether a contingency fee agreement was separately agreed on or whether the fees represent a reasonably hourly rate multiplied by a reasonable number of hours expended. *Id.*; *Norman v. Hous. Auth. of the City of Montgomery, Ala.*, 836 F.2d 1292, 1298–99 (11th Cir. 1988) (citations omitted). Moreover, the Settlement Agreement contains a broad general release, and the Parties have provided no argument as to why the Court should approve these conditions. *See, e.g., Engledow v. Hous. Lake Funeral Home, LLC*, No. 5:18-cv-00146-TES, 2019 WL 2358404, at *1-3 (M.D. Ga. June 4, 2019) (refusing to approve a FLSA settlement agreement that contained a "pervasive release" barring future suits even for causes of actions unrelated to FLSA claims).

Accordingly, prior to the Court making a determination on the Parties' Settlement Agreement, the Parties must supplement their filings. Plaintiff's attorneys are **ORDERED** to

file supplemental arguments and declarations showing the reasonable hours expended and rates applicable here; or alternatively, if applicable, to show that Plaintiff's attorneys' fees were agreed upon separately and without regard to the amount paid to Plaintiff. *Silva,* 307 F. App'x. at 351-52. Additionally, the Parties **SHALL** also file a joint supplemental brief showing why the Court should approve the Settlement Agreement (Doc. 12-1) as written, or otherwise file an amended proposed Settlement Agreement. The supplements are required for the Court's review and consideration of the proposed settlement. Therefore, the aforementioned supplements **must be filed within twenty-one (21) days** of the entry of this Order.

**SO ORDERED**, this 27th day of August 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**